NUMBER
13-04-324-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

GABRIEL FLORES,                                                                          Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 370th District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Gabriel Flores, was charged in a 26 count
indictment alleging the following offenses: 
aggravated sexual assault of a child (counts 1-10), indecency with a
child by contact (counts 11-18), and indecency with a child by exposure (counts
19-26).  Appellant pled guilty to all 26
counts.  A jury sentenced appellant to 99
years= confinement in the Texas Department of Criminal
Justice.  On appeal, appellant argues
that he was denied effective assistance of counsel as guaranteed by the Texas
and United States Constitutions.  We
affirm.  

I. BACKGROUND  

Appellant sexually abused his step-daughter while
she was between the ages of 11 and 13. 
In a voluntary statement, appellant admitted to fondling his
step-daughter=s breasts and vagina, having sexual intercourse with
her, and performing oral sex.  He also
admitted to giving his step-daughter several sex toys after, as appellant
alleges, she decided to end their Arelationship.@ 

II. INEFFECTIVE ASSISTANCE OF COUNSEL

         By
his sole issue, appellant contends he was denied effective assistance of
counsel as guaranteed by the Texas and United States Constitutions.  Specifically, he complains that counsel
demonstrated his ineffectiveness when he (1) referred to appellant as Athis monster@; (2) failed to investigate the facts and prepare
adequately for trial; (3) failed to use a peremptory challenge for juror no. 6,
a long-time educator who became foreperson; and (4) failed to object to the
State=s exhibits, which included a vibrator and dildo, on
the grounds that their effect was more prejudicial than probative and which
inflamed the jury. 

A. Standard of Review








We apply a two‑prong test to determine whether
representation was so inadequate that it violated the constitutional right to
counsel.  Munoz v. State, 24
S.W.3d 427, 433 (Tex. App.BCorpus Christi 2000, no pet.) (citing Strickland
v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726
S.W.2d 53, 54‑55 (Tex. Crim. App. 1986)). 
First, trial counsel's performance must fall below an objective standard
of reasonableness.  Id.  (citing Strickland, 466 U.S. at 687‑88).  Second, appellant must prove, by a reasonable
probability, that counsel's deficient performance prejudiced the defense; that,
but for counsel's errors, the result of the proceeding would have been
different.  See id. (citing Strickland,
466 U.S. at 694).  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id. at 433‑34
(citing Strickland, 466 U.S. at 693). 
Appellant must overcome a strong presumption that counsel's performance
fell within the wide range of reasonable professional assistance.  Id. at 434 (citing Thompson v.
State, 9 S.W.3d 808, 812‑14 (Tex. Crim. App. 1999); Tijerina v.
State, 921 S.W.2d 287, 289 (Tex. App.BCorpus Christi 1996, no pet.)).  Without evidence of the strategy and methods
involved concerning counsel=s actions at trial, we will presume sound trial
strategy.  See Thompson, 9 S.W.3d
at 814.[1]  

B. Analysis

We have reviewed the record in its entirety, and we
conclude that appellant=s claim of ineffective assistance of counsel is
unwarranted.  








The record does not contain any evidence of the
strategy and methods involved concerning counsel=s
actions at trial.  Thus, we must assume
that trial counsel=s actions, including those actions complained of by
appellant, fell within the wide range of reasonable professional assistance and
sound trial strategy.  Id.  Furthermore, given appellant=s voluntary statement detailing his long-term sexual
relationship with his step-daughter and his admission to providing her with sex
toys, we conclude that appellant has not shown that there is a reasonable
probability that, but for counsel=s deficient performance, if any, the result of the
proceeding would have been different.  See
Strickland, 466 U.S. at 687; see also Morrow v. State, 139 S.W.3d
736, 745 (Tex. App.BTexarkana 2004, no pet.).      

III. CONCLUSION          

We affirm the judgment
of the trial court.                            

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

 

Memorandum
Opinion delivered and filed

this
12th day of January, 2006.                                    











[1] A substantial risk of failure accompanies a claim of ineffective
assistance of counsel on direct appeal because the record is generally
underdeveloped and cannot adequately reflect the failings of trial
counsel.  McCullough v. State, 116
S.W.3d 86, 92 (Tex. App.BHouston [14th Dist.] 2001, pet. ref=d). 
Therefore, it is critical that the defendant make the necessary record
in the trial court to rebut the Strickland presumption that counsel=s conduct was strategic.  Id. 
This kind of record is best developed in a hearing on a motion for
new trial, or by application for a writ of habeas corpus.  Id.; see Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam).